UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CORNELL DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-1255 |
| ) | |
| MITSUBISHI MOTORS OF NORTH ) | |
| AMERICA, Inc., ) | |
| ) | |
| Defendant. ) | |

**O P I N I O N**

This matter is now before the Court on Defendant, Mitsubishi Motors North America's ("MMNA"), Motion for Summary Judgment. The Motion is fully briefed by the parties, and oral argument was held on August 31, 2011. For the reasons set forth below, Defendant's Motion for Summary Judgment [#26] is GRANTED.

**BACKGROUND**

On August 30, 2005, Plaintiff, Cornell Davis ("Davis"), and his wife filed a Chapter 13 bankruptcy petition and reorganization plan. Davis was represented by counsel, and the plan was confirmed by the bankruptcy court on February 8, 2006.

On or about April 4, 2007, while the bankruptcy case was pending, Davis was placed at MMNA by an employment service to serve as a Contract Group Leader on a temporary basis for a period of six months. There is some suggestion that at the end of this period, Davis might be hired by MMNA, but this did not occur. Davis contends that the decision not to hire him was based on racial discrimination.

On December 27, 2007, Davis filed a charge of discrimination with the Illinois Department of Human Rights alleging that MMNA's decision not to hire him was discriminatory. After receiving a notice of right to sue, he then filed the present Complaint on July 24, 2009. It is undisputed that the existence of this lawsuit was not disclosed by Davis to the bankruptcy court at any time prior to late April 2011, despite the fact that Davis' counsel filed an amended plan in the bankruptcy proceedings on August 6, 2008, more than seven months after the charge of discrimination was filed. Correspondence from Davis to the bankruptcy court in September 2010, February 2011, and March 2011 indicated that he had lost his job but likewise failed to indicate the existence of the pending employment discrimination claim. It was not until Davis' counsel discovered the pending bankruptcy proceedings in the course of preparing for a settlement conference in this case in late April 2011 that any kind of notice was given to anyone in connection with the bankruptcy proceedings, when counsel asked the attorney for the bankruptcy trustee whether the trustee needed to be involved in the settlement proceedings. Davis does not dispute that he did not notify the bankruptcy court or his creditors that he was pursuing this wrongful discharge claim or that he had received an offer of judgment for $60,000.00 at any time prior to the dismissal of his bankruptcy proceedings on May 17, 2011.

On June 21, 2011, MMNA filed its Motion for Summary Judgment, arguing that Davis is judicially estopped from pursuing this case as a result of his failure to disclose this litigation in his bankruptcy proceedings. Davis has filed his response, and the matter is now ready for resolution. This Opinion follows.

## Legal Standard

Summary judgment should be granted where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. In ruling on a motion for summary judgment, the Court must view the evidence on record in the light most favorable to the non-moving party. *SMS Demag Aktiengesellschaft v. Material Sciences Corp.*, 565 F.3d 365, 368 (7th Cir. 2009). All inferences reasonably drawn from the facts must be construed in favor of the non-movant. However, any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Cain v. Lane*, 857 F.2d 1139, 1142 (7th Cir. 1988); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009).

It is not the Court's function to scour the record in search of evidence to defeat a motion for summary judgment. The moving party has the responsibility of identifying portions of the record or affidavits that demonstrate the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. If the evidence on record could not lead a reasonable jury to find for the non-moving party, then no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *McClendon v. Indiana Sugars, Inc.*, 108 F.3d 789, 796 (7th Cir. 1997). At the summary judgment stage, however, the "court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts." *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007).

MMNA argues that Davis is judicially estopped from pursuing his present claim as a result of his failure to disclose it during his bankruptcy proceedings. "Judicial estoppel is designed to 'prevent the perversion of the judicial process,'" by precluding a debtor from concealing an asset for his personal benefit. Cannon-Stokes v. Potter, 453 F.3d 446, 448 (7th Cir. 2006); In re Cassidy, 892 F.2d 637, 641 (7th Cir. 1990). In other words, a debtor who denies or fails to disclose an asset during bankruptcy cannot benefit from that concealed asset after the bankruptcy ends. Id. The theory behind this seemingly harsh doctrine is that coercing debtors to be truthful in their bankruptcy filings "will assist creditors in the long run . . . and it will assist most debtors too, for the few debtors who scam their creditors drive up interest rates and injure the more numerous honest borrowers." Id.

Davis first argues that his failure to disclose the litigation should be excused because the Cannon-Stokes case involves a Chapter 7 bankruptcy while his proceeded under Chapter 13. However, this is a distinction without difference, as it is well-established that the duty to fully disclose assets and therefore the doctrine of judicial estoppel are fully applicable in Chapter 13 proceedings as well. Becker v. Verizon North, Inc., 2007 WL 1224039, at * 1 (7th Cir. Apr. 25, 2007); Williams v. Hainje, 375 Fed.Appx. 625, 625-28 (7th Cir. 2010).

Davis next contends that the fact that he never obtained a discharge of his debts in bankruptcy warrants different treatment. This argument is also rejected in Hainje, where the Seventh Circuit noted that a debtor receiving "even preliminary benefits from concealing a chose in action from his creditors can still be estopped from pursuing the suit in the future." 375 Fed.Appx. at 627, *citing* Krystal Cadillac-Oldsmobile GMC Truck v. General Motors, Corp., 337 F.3d 314, 319 n.6 (3rd Cir. 2003); *see also,* Karraker v. Rent-A-Center, Inc., 2005 WL 2979652 (C.D.Ill. Nov. 7, 2005). Like the debtor in that case, Davis received relief from the automatic stay, which kept his creditors from

4

proceeding against the assets of the estate (including his house[1] and car) and reduced payments on debts during the years the proceeding was pending. It is also notable that the bankruptcy case was dismissed, at least in part, as a result of Davis' failure to make the payments required by the plan.

The next distinction offered by Davis is that **he** did not fail to disclose this litigation to the bankruptcy court, suggesting that his bankruptcy attorney failed to make the disclosure and that there was no intentional failure to disclose on his part. A careful reading of Davis' Affidavit does not indicate that Davis ever told his bankruptcy attorney about his ongoing employment discrimination claim, suggesting that his bankruptcy attorney may have been unaware of the claim, as well. The Seventh Circuit has held that in the context of bankruptcy disclosures, "bad legal advice does not relieve the client of the consequences of her own acts" as a client is bound by the actions of his attorney. Cannon-Stokes, 453 F.3d at 449; Hainje, 375 Fed.Appx. at 628; Karraker, 2005 WL 2979652, at *3.

Davis' argument that he never received any benefit or income from his claim against MMNA fares no better. A debtor has a duty to disclose assets and liabilities, including any potential causes of action that he may have against others even if all the facts or even the legal basis for the cause of action are not specifically known. In re Envirodyne Industries, Inc., 183 B.R. 812, 821 n. 17 (Bankr.N.D.Ill. 1995). This includes "claims that could be prosecuted for benefit of the estate," which would necessarily imply that monetary gain or income is not required in order to trigger the disclosure requirement. Cable v. Ivy Tech State College, 200 F.3d 467, 472-73 (7th Cir. 1999), *citing* In re Smith, 640 F.2d 888 (7th Cir. 1981).

---

[1] The Court notes that the house was protected as part of the bankruptcy estate for nearly three years before being removed from the estate in May 2008.

Davis further maintains that judicial estoppel is not appropriate because there is no evidence that he intended to defraud or deceive. However, Davis sent three letters to the bankruptcy court in which he states that he lost his job through no fault of his own, but carefully makes no mention of his pending discrimination claim. Even after learning that the failure to disclose could have consequences, Davis made no effort to cure the failure by filing an amended schedule with the bankruptcy court or seek reopening of his Chapter 13 proceedings in order to disclose the potential asset. Despite his claim of inadvertence, the facts would indicate otherwise. However, even if the nondisclosure was unintentional, the law is clear that it does not matter in the end, as it is well-established that the debtor's "subjective intent does not matter." Becker, 2007 WL 1224039, at *1; Hainje, 375 Fed.Appx. at 628; Karraker, 2005 WL 2979652, at *3 (finding that "the debtor's failure to satisfy [his] statutory disclosure duty is inadvertent only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment.") The initial signature on the petition is Davis'; he was well-aware of and actively pursuing his employment discrimination claim; there is no amendment adding this claim to his bankruptcy filings; he obtained the benefit of a stay against creditors; and he never tried to make the creditors whole. Judicial estoppel appropriately blocks any attempt to realize such a claim for his personal benefit. Cannon-Stokes, 453 F.3d at 458-59.

Finally, Davis asserts that he should not be estopped because his employment discrimination claim arose after he commenced his bankruptcy proceedings, and he never received any financial benefit from the litigation during the pendency of the bankruptcy. This is incorrect as a matter of law. Title 11 U.S.C. § 1306 establishes that potential claims or property acquired by the debtor after the commencement of the bankruptcy case but before the case is closed, dismissed, or converted is

6

property of the estate and are subject to a continuing duty to disclose. *See also,* Jethroe v. Omnova Solutions, 412 F.3d 598, 600 (5th Cir. 2005) (holding that "[a] plaintiff is judicially estopped from pursuing an EEOC charge filed while his bankruptcy petition was pending and where he did not fulfill his duty to amend the petition to include that claim"); Davis v. Village of Caseyville, 2007 WL 551584, at *3 (S.D.Ill. Feb. 20, 2007) (holding that failure to amend Chapter 13 bankruptcy pleadings to reflect claim arising during the pendency of the bankruptcy results in the claim being barred by judicial estoppel.)

Having failed to convince the Court that he should prevail in spite of the failure to disclose, the Plaintiff argues that disclosure was actually made by Attorney Freid. Ms. Freid's Affidavit states that she told the attorney for the bankruptcy trustee about a pending settlement conference in this case and asked if he needed to be involved. It is argued that this somehow constituted notice to the bankruptcy court and creditors and therefore constituted disclosure. This argument fails, as well. First, there is no evidence that Ms. Freid was advised by the bankruptcy court that this litigation would not be a claim or that it would be unnecessary to file an amended petition to reflect the claim. Second, it is not the function of the bankruptcy courts to inform debtors of their duty to disclose.

## Conclusion

For the reasons set forth above, the Court finds the situation in this case to be sufficiently analogous to the facts set forth in Cannon-Stokes to warrant the same result. As stated by Judge Easterbrook, "if Cannon-Stokes were really making an honest attempt to pay her debts, then as soon as she realized that it had been omitted, she would have filed amended schedules and moved to reopen the bankruptcy, so that the creditors could benefit from any recovery. Cannon-Stokes never did that; she wants every penny of the judgment for herself." Cannon-Stokes, 452

F.3d at 448. These observations are equally applicable under the facts of this case. Defendant's Motion for Summary Judgment [#26] is therefore GRANTED. Davis is judicially estopped from pursuing his Complaint, and this matter is now TERMINATED. Any existing deadlines or settings are VACATED.

ENTERED this 8th day of September, 2011.

s/ James E. Shadid
James E. Shadid
United States District Judge